IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **ARTHUR A. BLUMEYER**, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| V. ) | Civil No. 08-430-JPG-CJP |
| ) | |
| **WARDEN HOLLINGSWORTH**, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

In 1996, petitioner Blumeyer was convicted in the Eastern District of Missouri of money laundering. Petitioner was incarcerated at the Federal Prison Camp at Marion, Illinois, when he filed the above-captioned petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2241. Petitioner was subsequently diagnosed with cancer. The Court has been awaiting resolution of petitioner's chemotherapy and treatment at the Federal Medical Center in Butner, North Carolina. The status report submitted by respondent on March 31, 2010, indicates that there are no plans to transfer petitioner back to FPC-Marion, Illinois; rather, he has been formally designated for custody at the Federal Prison Camp in Butner, North Carolina. (Doc. 84). Although neither petitioner nor respondent have moved to transfer this action to the Eastern District of North Carolina, the Court will now *sua sponte* analyze whether the Southern District of Illinois remains an appropriate venue.

At the time petitioner filed the above-captioned petition for writ of habeas corpus he was housed at the Federal Prison Camp in Marion, Illinois, in the custody of Warden Hollingsworth, the named respondent. At that time, this district clearly satisfied the jurisdictional and venue requirements of § 2241. Jurisdiction lies in the district of confinement and also in the district

where a custodian responsible for the confinement is present. 28 U.S.C. § 2241(a); 28 U.S.C. § 2243; *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 495 (1973).

> So long as the custodian can be reached by service of process, the court can issue a writ 'within its jurisdiction' requiring that the prisoner be brought before the court for a hearing on his claim, or requiring that he be released outright from custody, even if the prisoner himself is confined outside the court's territorial jurisdiction.

*Braden*. at 495. Federal Rule of Civil Procedure 4(i)(2)(A) provides for service against the warden as a federal employee sued in his official capacity – whether the warden is in Illinois or North Carolina – but that does not end the Court's inquiry.

In *Moore v. Olson,* 368 F.3d 757, 758 (7th Cir. 2004) (citing *Ex parte Endo,* 323 U.S. 283 (1944)), the Court of Appeals for the Seventh Circuit held that a prisoner transferred while litigation is pending need not re-file in the new district. However, more recently, in *Rumsfeld v. Padilla,* 542 U.S. 426, 434-438 (2004)[1], the Supreme Court distinguished *Braden* and reemphasized that the <u>only</u> proper respondent, save a few rare exceptions not relevant to petitioner Blumeyer's circumstances[2], is the person with immediate custody of the petitioner, who has the power to produce the petitioner before the court.[3]

---

[1]*Rumsfeld v. Padilla* was decided June 28, 2004, the same day that the opinion in *Rasul v. Bush*, 542 U.S. 466 (2004) was issued. At first blush, the two decisions, written by competing majorities, with Justice Kennedy acting as the swing vote, seem to contradict each other. However, *Rasul v. Bush* makes clear that personal jurisdiction and venue were not contested; rather the sole issue pertained to subject matter jurisdiction. *Rasul*, 542 U.S. at 483-484. Therefore, *Rumsfeld v. Padilla*, which delves into personal jurisdiction and venue, is the applicable precedent.

[2]*See Rumsfeld v. Padilla,* 542 U.S. 426, 436 n. 9 (2004) (discussing exceptions to the "immediate custody" rule that pertain to the military).

[3]*Ex parte Endo* presented an unusual situation, which was acknowledged by the Supreme Court. The federal officials responsible for the petitioner's detention were within the jurisdiction

In *al-Marri v. Rumsfeld*, 360 F.3d 707 (7th Cir. 2004), the Court of Appeals for the Seventh Circuit applied the "immediate custody" rule from *Rumsfeld v. Padilla* and dismissed a § 2241 petition filed in Illinois, where some of the relevant events had occurred, once the petitioner was transferred from Illinois to South Carolina. The appellate court stated, "when there is only one custody and one physical custodian, that person is the proper respondent, and the district in which the prison is located the proper district, for proceedings under § 2241(a)." *al-Marri*, 360 F.3d at 712. And, in *Bridges v. Chambers*, 425 F.3d 1048 (7th Cir. 2005), in dicta, the Court of Appeals for the Seventh Circuit again ruled out expansion of the "immediate custody" rule to any federal district where a substantial part of the events or omissions giving rise to the claim occurred. *Id*. at 1050; s*ee also Copley v. Keohane*, 150 F.3d 827 (8th Cir. 1998) (a district with jurisdiction at the time the petition is filed can be divested of jurisdiction if the new custodian is outside the district).

The question of what to do in a situation such as Blumeyer's, where subject matter jurisdiction and venue were proper at the time of filing but are later upset by a transfer out of the district, is more fully addressed in the concurring opinion of Justices O'Connor and Kennedy in *Rumsfeld v. Padilla*, 542 U.S. 451-455, with specific discussion of *Moore v. Olson,* 368 F.3d 757 (7th Cir. 2004). Justices O'Connor and Kennedy elaborate that,

> the question of the proper location for a habeas petition is best understood as a question of personal jurisdiction or venue. This view is more in keeping with the opinion in *Braden*, and its discussion explaining the rules for the proper forum for habeas petitions. 410 U.S., at 493, 500, 93 S. Ct. 1123 (indicating that the analysis is guided by "traditional venue considerations" and "traditional

---

of the District Court where the petition had been filed, even though the petitioner had since been transferred to a different district in a different appellate circuit. *Ex parte Endo,* 323 U.S. at 304-306 (distinguishing the situation where the transfer placed the petitioner in the custody of someone outside the territorial jurisdiction of the District Court).

3

>  principles of venue"); *see also Moore v. Olson*, 368 F.3d 757, 759-760 (C.A.7 2004) (suggesting that the territorial-jurisdiction rule is a venue rule, and the immediate-custodian rule is a personal-jurisdiction rule).

*Rumsfeld v. Padilla*, 542 U.S. at 451-452. The "immediate custody" rule limits the available fora to that with the most immediate connection to the named custodian.[4] *Id*. at 452. "Only in an exceptional case may a court deviate from those basic rules to hear a habeas petition filed against some person other than the immediate custodian of the prisoner, or in some court other than the one in whose territory the custodian may be found." *Id*. at 454. Consequently, in *Rumsfeld v. Padilla* the proper venue for the petition was in South Carolina, because that was where the petitioner had been transferred.

The Court of Appeals for the Seventh Circuit held in *Moore v. Olson,* that objections based on personal jurisdiction and venue may be waived by the government. *Moore*, 368 F.3d at 759. That general principle was reiterated in the concurring opinion of Justices O'Connor and Kennedy in *Rumsfeld v. Padilla*. 542 U.S. at 452**.** However, they elaborated:

> Although habeas actions are civil cases, they are not automatically subject to all of the Federal Rules of Civil Procedure. *See* Fed. Rule Civ. Proc. 81(a)(2) ("These rules are applicable to proceedings for . . . habeas corpus . . . to the extent that the practice in such proceedings is not set forth in statutes of the United States, the Rules Governing Section 2254 Cases, or the Rules Governing Section 2255 Proceedings"). Instead, these forum-location rules for habeas petitions are based on the habeas statutes and the cases interpreting them. Furthermore, the fact that these habeas rules are subject to exceptions does not mean that, in the exceptional case, a petition may be properly filed in any one of the federal district courts. When an exception applies, see, *e.g., Rasul v. Bush, ante,* 542 U.S. 466, 124 S.Ct. 2686, 159 L.E.2d 548, 2004 WL 1432134 (2004), courts must still take into account the considerations that in the ordinary case are served by the

---

[4] In accordance with Federal Rule of Civil Procedure 25(d)(1) and *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004), the Court would formally substitute the warden of the facility where petitioner is being held as the respondent to the petition, but the Court is uncertain of the warden's name.

> immediate-custodian rule, and, in a similar fashion, limit the available forum to the one with the most immediate connection to the named custodian.

542 U.S. at 452-453.

In petitioner Blumeyer's situation, although this Court has subject matter jurisdiction, it lacks personal jurisdiction over petitioner's immediate custodian, which warrants a change in venue. There are no extraordinary circumstances, as in *Rasul v. Bush*. Moreover, there is no connection between the Southern District of Illinois, petitioner, his conviction, or his current custodian. Therefore, transfer of this action is required. Because petitioner and respondent have only recently filed their briefs, the transfer should not cause a significant dely in the final resolution of the petition.

**IT IS THEREFORE ORDERED** that the above-captioned action is **TRANSFERRED** to the United States District Court for the Eastern District of North Carolina.

**IT IS SO ORDERED.**

DATED:  April 12, 2010

                                              s/ J. Phil Gilbert
                                              **J. PHIL GILBERT**
                                              **U. S. DISTRICT JUDGE**